UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ERIC MANNINGS,

                Plaintiff,                         **COMPLAINT**

    -against-

DAVID ZITO,
STEVEN LUCIANO and
PATRICK FREDERICKS,                    Plaintiff Demands a
                                                                 Trial by Jury
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was an incarcerated individual (I/I) in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Plaintiff was housed at Hudson Correctional Facility (Hudson), in Hudson, NY.

4. That at all times herein mentioned, Defendant David Zito (Zito) was a correction officer employed by DOCCS at Hudson.

5. That at all times herein mentioned, Zito was acting within the course and scope of his employment as a DOCCS correction officer.

6. That at all times herein mentioned, Zito was acting under color of state law.

7. That at all times herein mentioned, Defendant Steven Luciano (Luciano) was a correction officer employed by DOCCS at Sing Sing Correctional Facility (Sing Sing).

8. That at all times herein mentioned, Luciano was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Luciano was acting under color of state law.

10. That at all times herein mentioned, Defendant Patrick Fredericks (Fredericks) was a correction officer employed by DOCCS at Fishkill Correctional Facility (Fishkill).

11. That at all times herein mentioned, Fredericks was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Fredericks was acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

14. That venue is proper in the Southern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

15. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

16. That at all times herein mentioned, Plaintiff was under protective custody status at Hudson as a result of having been threatened and physically attacked by other incarcerated individuals (I/Is) in DOCCS custody.

17. That on or about August 18, 2022, Plaintiff was transported by Zito from Hudson to the Specialty Clinic at Fishkill to receive medical treatment related to injuries sustained in a prior attack on him while in DOCCS custody.

18. That during the transfer, Zito was aware of Plaintiff's protective custody status.

19. That upon their arrival at Fishkill, Zito attempted to place Plaintiff inside a holding pen at the Specialty Clinic that was occupied by other I/Is.

20. That Plaintiff protested that, since he was on protective custody status, he should not be placed in the holding pen with other I/Is.

21. That Plaintiff further advised Zito that he observed inside the holding pen other I/Is whom Plaintiff recognized as belonging to a gang whose members had previously threatened and physically attacked Plaintiff.

22. That Luciano was present during this exchange between Plaintiff and Zito, having just transferred one of these gang members from Sing Sing to Fishkill.

23. That Luciano was aware of Plaintiff's protective custody status.

24. That Fredericks also was present during this exchange between Plaintiff and Zito, since he was the officer assigned to the Specialty Clinic at Fishkill at the time.

25. That Fredericks was aware of Plaintiff's protective custody status.

26. That despite his protestations, Plaintiff was directed by Zito, Luciano, and Fredericks to lock in to the holding pen with the other I/Is.

27. That in compliance with Zito, Luciano, and Fredericks' directive, Plaintiff entered and locked in to the holding cell.

28. That after Plaintiff entered and locked in to the holding cell, the I/I whom Luciano had just transferred from Sing Sing to Fishkill, together with other I/Is, began physically attacking Plaintiff.

29. That the physical attack on Plaintiff occurred in full view of Zito, Luciano, and Fredericks.

30. That Zito, Luciano, and Fredericks had opportunities to prevent the attack and to stop the attack from continuing, but intentionally and deliberately failed and refused to do so, and intentionally and deliberately failed and refused to take any steps to protect Plaintiff against a foreseeable risk of a criminal attack.

31. That as a result of the attack, Plaintiff was rendered unconscious and suffered severe personal injuries, including but not limited to fractures and lacerations to the face and injury to the right eye, resulting in partial blindness, endured and will continue to endure pain and suffering and loss of enjoyment of life, and incurred and will continue to incur economic loss.

32. That the actions of Defendants were sadistic and malicious in nature, and not undertaken in a good faith effort to maintain or restore discipline or order.

33. That Defendants' actions constituted a deliberate indifference to a serious risk of harm to Plaintiff and to Plaintiff's safety, and a deliberate indifference to serious medical needs of Plaintiff.

### FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

34. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35. That the aforementioned acts by Defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

36. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 USC § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned causes of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 USC § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
       February 27, 2025

                 Yours, etc.
                 Sivin, Miller & Roche LLP

                 By s/ *David Roche*
                 David Roche
                 Attorneys for Plaintiff
                 20 Vesey St., Suite 1400
                 New York, NY  10007
                 (212) 349-0300