UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MANNINGS,

Plaintiff,

-against-

DAVID ZITO, et al.,

Defendants.

25-CV-1672 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Court is in receipt of Plaintiff's Letter Motion to Compel Non-Party New York Department of Corrections and Community Supervision ("DOCCS") to comply with Plaintiff's subpoena duces tecum, ECF No. 53, and DOCCS' emailed response, which is attached to this Order.

It is hereby ORDERED that all parties appear for a conference with the Court on **November 19, 2026,** at **11:00 a.m.**, in Courtroom 320 of the Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150.

In advance of this conference, the parties to this dispute are directed to continue to meet and confer to further narrow the issues for the Court to resolve. The Court will email this Order to counsel for DOCCS.

Dated: November 16, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**Clarke NYSD Chambers**

---

| | |
|---|---|
| **From:** | Shkolnik, Marat (DOCCS) <Marat.Shkolnik@doccs.ny.gov> |
| **Sent:** | Thursday, November 5, 2026 3:50 PM |
| **To:** | Clarke NYSD Chambers |
| **Cc:** | doccs.sm.subpoenas; RDonovan@lawcdm.com; bji@ppid.com; es@subin.com |
| **Subject:** | Mannings v. Zito et al., 25 Civ. 01672 - Non Party response to Plaintiff's letter motion |
| **Attachments:** | Mannings v. Zito et al., No. 25 Civ. 01672.pdf |

**CAUTION - EXTERNAL:**

Good afternoon,

Please accept the attached letter on behalf of non-party New York State Department of Corrections and Community Supervision ("DOCCS") in response to Plaintiff's letter motion. DOCCS does not have an attorney on staff admitted to the Southern District of New York and lacks the ability to file via PACER. I appreciate the courtesy of allowing DOCCS to comply via email.

Respectfully submitted,

**Marat Shkolnik**
Associate Counsel

Department of Corrections and Community Supervision
The Harriman State Campus
1220 Washington Avenue
Albany, New York 12226-2050
(518) 457-4951
Marat.Shkolnik@doccs.ny.gov
www.doccs.ny.gov

CONFIDENTIALITY NOTICE: This message and any attachment(s) are intended solely for the designated recipient(s) and may contain confidential information which is legally privileged and protected by law from disclosure. If you are not an intended recipient, any disclosure, copying, use, or distribution of the information included in this e-mail and any attachment(s) is strictly prohibited.

If you received this communication in error, please notify the sender by reply e-mail and immediately and permanently delete this e-mail.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

New York State | Department of Corrections and Community Supervision

KATHY HOCHUL
Governor

DANIEL F. MARTUSCELLO III
Commissioner

November 5, 2026

**Sent via Email:** ClarkeNYSDChambers@nysd.uscourts.gov

Hon. Jessica G. L. Clarke
United States District Judge
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: Mannings v. Zito et al., No. 25 Civ. 01672

Dear Judge Clarke:

The New York State Department of Corrections and Community Supervision ("DOCCS") submits this letter pursuant to Dkt. No. 54, which was received by our office by mail on October 30, 2026. The purpose of this response is to respectfully request the Court quash or, in the alternative, modify the subpoena served on non-party DOCCS.

I. Background

Non-party DOCCS was personally served on June 9, 2026, with a subpoena seeking 8 categories of records in connection with the above-captioned matter. Upon receiving this subpoena, DOCCS counsel conferred with Plaintiff's counsel to address concerns with compliance. Of particular concern is (1) the vagueness, breadth, and speculative nature of the requests, (2) highly sensitive security information not being related or proportion to the needs of this case, (3) dissemination of relevant records that may exist. Plaintiff's counsel acknowledged DOCCS' concerns and agreed that they could be addressed with a protective order. During the July 23, 2026, meet and confer, Plaintiff's Counsel was specifically advised that several categories of records have been incorrectly assumed to exist. Notwithstanding, in good faith, non-party DOCCS agreed to research policies that may cover some of the subject matter. This involves working with several separate internal custodians to identify responsive materials, which contain highly sensitive security materials that need to be reviewed and redacted for unresponsive portions. Moreover, this undertaking is not a quick, simple, or easy task with limited resources available. As such, DOCCS did not believe there was a need to quash the subpoena at that time. Rather, it was DOCCS' belief that we would continue to confer with Plaintiff's counsel should there be any issues with compliance.

On September 2, 2026, sought to schedule a follow up meet and confer. After agreeing to a second meet and confer; on September 3, 2026, Plaintiff's counsel advised non-party DOCCS that they decided not to proceed with a second meet and confer and favored seeking judicial intervention. Had Plaintiff's Counsel moved forward to meet and confer, I believe we could have come up with an understanding without having to engage the Court. Nevertheless, non-party DOCCS continued to allocate resources to identify and provide responsive records. Moreover, consistent with the original meet and confer,

DOCCS has advised on several occasions that records would not be unredacted. Rather, DOCCS advised that unresponsive/unrelated sensitive information within would be redacted.

## II. Applicable Law

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a non-party may be compelled by subpoena to produce documents and/or provide deposition testimony. See Fed. R. Civ. P. 45(d), (e); Fed. R. Civ. P. 34(c). Lelchook v. Lebanese Canadian Bank, SAL, 670 F.Supp.3d 51, 55 (SDNY). Fed. R. Civ. P. 45(c)(3)(A)(iv) requires a Court to protect all persons from an undue burden imposed by use of subpoena power. A subpoena issued to a non-party is subject to Rule 26(b)(1)'s "overriding relevance requirement" and the party issuing the subpoena bears the initial burden to demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings and proportional to the needs of the case. Lelchook, supra; Silverstone Holding Grpl, LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., 650 F.Supp.3d 199, 202 (SDNY); Vital Farms, Inc. v. Tanz, 2023 U.S.Dist.LEXIS 225478 (SDNY); Corbett v. eHome Credit Corp., 2010 U.S.Dist.LEXIS 77712; 2010 WL 3023870 (EDNY). This is due to the fact that Rule 45 "is more restrictive than Rule 26 because it protects the subpoena recipient from an 'undue burden.'" Vital Farms, Inc., 2023 U.S.Dist.LEXIS 225478 at *3-4. Thus, "[a] subpoena that pursues material with little apparent or likely relevance to the subject matter, . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where. . . the person or entity on whom the demand is made is not a party to the action." Corbett v. eHome Credit Corp., 2010 U.S. Dist. LEXIS 77712, 2010 WL 3023870 (EDNY) (citations omitted) (holding that while some of the subpoenaed documents arguably satisfy the broad concept of relevance for discovery purposes, the non-parties motion to quash was granted because Plaintiff failed to persuade the Court that the documents bear any more than a "doubtful or tangential" relationship to the allegations of the action). "In general, the relevance standard that applies when seeking discovery from a party also applies to non-parties." Citizens Union of City of New York v. Att'y Gen. of New York, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *see* Malibu Media, LLC v. Doe, 2016 U.S. Dist. LEXIS 134478, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016).

## III. Records

Identifying and compiling responsive records in this matter presents a fundamental administrative challenge: the premise of the request presumes the existence of specific record, direct documentation that upon a diligent search, does not exist. As no direct responsive records are maintained, DOCCS pivoted from straightforward retrieval process to an interpretive review of collateral and tangential policies originally sourced from various internal records custodians. This introduces significant operational ambiguity, as staff must exercise discretion to determine portions of existing policies that may be responsive.

To date, non-party DOCCS has made three separate productions totaling 167 pages of records. This includes the production of Plaintiff's institutional records, an Employee Manual, and DOCCS Directives. DOCCS Directives codify the Department's official policies and procedures and are intended to enhance the Department's ability to achieve its mission. The Department is specifically concerned with the dissemination of information contained within internally classified as "D" Directives and security related portions of the Employee Manual. "D" Directives contain information that if released, presents a threat to institutional safety and security, the life and wellbeing of staff, incarcerated individuals, and the public at large. Directives #4901 "Transporting Incarcerated Individuals" and #4906 "Transfer of Incarcerated Individuals" are designated "D" Directives. Directive #4948 "Protective Custody Status" is designated "AB" and was provided to counsel without redaction.

In general, the purpose of Directives #4901 and #4906 is to describe the technical security procedures for safely transporting incarcerated individuals. The release of information related to staff responsibilities and tactical interests regarding the transportation of an incarcerated individual outside of a secure correctional facility presents a real and credible threat to the safety, security, life and well-being of staff and other persons. Allowing this information to be released would allow incarcerated individuals and third parties to plan deviant acts to seek to take advantage of any perceived weaknesses in our procedures. If information from these Directives is not safeguarded from disclosure, DOCCS efforts to provide prompt and decisive action in the event of an emergency situation such as a major disturbance, hostage-taking, and escape may be jeopardized. All of which present a high risk of serious physical injury, death, and endangers public safety. As such, the portions of these Directives that have no nexus or tangential relationship to the allegations in this case have been redacted.

Portions of the provided security policies and Employee Manual have been carefully redacted because they are unresponsive to the scope of this matter and bear no factual or legal nexus to the specific allegations at issue. To ensure transparency and allow for a meaningful review, DOCCS has intentionally preserved all section headings and general subject matter descriptions. This leaves the broader framework visible to Plaintiff's counsel through the execute protective order while safeguarding the operational security interests entirely unrelated to the claims and defenses presented in this case.

## IV. Conclusion

Since being served with the subpoena, DOCCS has continually been willing to work with Plaintiff's Counsel. Plaintiff's Counsel has failed to provide DOCCS or the Court with any legitimate, non-conclusory basis as to why the portions of these policies are relevant or proportional to the needs of this case. As such, DOCCS respectfully submits that the records provided comply with the subpoena and are sufficient to document the Plaintiff's objectives. Moreover, any de minimis benefit unredacted security policies may provide is significantly outweighed by the heightened security risk the equipment presents. As such, DOCCS respectfully asks this Court to quash and/or modify the subpoena served on non-party DOCCS. In the alternative, if the Court considers production of any additional records necessary, due to the confidential nature of material, that the court review *in camera* and deny access to the portions that are not responsive to this matter.

Respectfully Submitted,

*Marat Shkolnik*

Marat Shkolnik, Esq.
Assistant Counsel

cc: Brian J. Isaac, Esq.
bji@ppid.com

Eric D. Subin
es@subin.com

Ryan T. Donovan, Esq.
RDonovan@lawcdm.com